**John DALLAS, Jr. and David Jones, Plaintiffs,**

v.

**GIANT FOOD, INC., et al., Defendants.**

**No. CIV. JFM–02–544.**

United States District Court, D. Maryland.

Feb. 20, 2002.

See also 187 F.Supp.2d 462.

JoAnn Patricia Myles, Law Office, Largo, MD, for Plaintiffs.

Robert P. Watkins, Julie Hilden, Kumiki Gibson, Kathleen L. Jennings, Kristen E. Adler, Jeffrey M. Smith, Williams and Connolly LLP, Mark Scott London, London & Mead, Claudette V. Ferron, Law Office, Washington, DC, for Defendants.

## OPINION

MOTZ, District Judge.

Plaintiffs John Dallas, Jr. and David Jones have instituted this action against Giant Food, Inc. ("Giant")[1] alleging discrimination on the basis of race under Title VII and § 1981, quantum meruit, discrimination under the Maryland Human Relations Act, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract and wrongful termination.[2] Defendant now moves for summary judgment on all counts. The motion will be granted.

### I.

Dallas, Jones, and two other employees, Robert Gray and Leon Mason, were hired by Giant as vacation relief workers at Giant's Landover, Maryland warehouse on June 22, 1995. Vacation relief workers are short-term workers hired for up to one year to replace vacationing permanent workers. *See* Agreement Between Giant Food, Inc. and Warehouse Employees Local Union No. 730, § 15.6, Nov. 13, 1994 through Nov. 8, 1997 ("union contract"). Throughout their employment at Giant, Dallas and Jones were members of the Warehouse Employee's Local Union No. 730 and their employment was governed by the union contract in effect at the time.

---

**1.** Dallas and Jones have also asserted claims against several of Giant's employees. Those defendants are entitled to summary judgment for the reasons stated in the accompanying opinion in *Carson v. Giant Food, Inc.*, 2002 WL 246437, —— F.Supp.2d —— (D.Md.2002). That opinion also addresses Dallas and Jones' state law claims against Giant, in addition to global arguments made by Dallas, Jones and other Plaintiffs concerning the early right-to-sue notices issued to them by the Equal Employment Opportunity Commission. Thus, this opinion focuses only on Dallas and Jones' hostile work environment claims and discriminatory hiring and termination claims under Title VII and section 1981.

**2.** On August 7, 1997, I dismissed Plaintiffs' claims based on §§ 1985 and 1986 and the Equal Pay Act.

On February 12, 1996, Giant had two permanent positions available. Giant hired permanent employees from its pool of vacation relief workers, rather than seek applicants from outside the company. Haywood Decl. ¶ 9. It chose Robert Gray and Joseph Arnold, a vacation relief worker hired on July 13, 1995, to fill these two permanent position. Dallas and Jones were released after twelve months of employment.

Dallas and Jones believed that permanent positions were to be filled based solely on seniority of vacation relief workers, with the seniority of employees hired on the same day determined alphabetically by last name. *See* Dallas EEOC Charge, Def.'s Ex. 7; Jones EEOC Charge, Def.'s Ex. 8. Giant states that its policy was to hire the "best of the best" vacation relief workers for permanent positions. It determined the "best of the best" by considering factors such as the quality and quantity of work performed, attendance, willingness to work overtime and seniority. *See* Def.'s Br. at 5. Dallas and Jones, who are African–American, believe that Giant discriminated against them based on race by hiring Arnold and Gray, who are Caucasian, for the permanent positions even though they had less seniority.

Dallas and Jones also allege numerous incidents of disparate treatment while they worked at Giant. In particular, they claim that white employees got two weeks of training without evaluation while they got three days of training and were evaluated during their first two weeks. On one occasion, a white employee was given a certification after he completed training on a Radox machine while they were not given a certification after they completed training. In addition, white employees were able to bypass the normal assignment distribution method and were given preferential assignments. Plaintiffs were told to pick up cigarette butts in the parking lot if they finished their work early while white employees were allowed to leave early with full pay for the shift. Several times, managers would cross Plaintiffs' names off of bid sheets when Plaintiffs attempted to bid for permanent jobs. Throughout their employment at Giant, Plaintiffs were also exposed to racial graffiti on a regular basis. *See generally* Pl.'s Br. at 6–16. These allegations might form the basis of a hostile work environment claim. However, as I discuss below, Plaintiffs are barred from making such a claim.

## II.

In their opposition to Giant's motion for summary judgment, Dallas and Jones argue that they have made a claim of hostile work environment pursuant to Title VII and § 1981. However, Plaintiffs' EEOC Charges of Discrimination did not make a hostile work environment claim, which precludes Plaintiffs from making such a claim based on Title VII here. *See Taylor v. Virginia Union Univ.*, 193 F.3d 219, 239 (4th Cir.1999) (en banc) ("Only those discrimination claims stated in the administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit") (citations omitted). Paragraph 48 of the Amended Complaint specifies the grounds for Plaintiffs' § 1981 claim. It does not state that Dallas and Jones were making a hostile work environment claim, nor does it set forth any specific grounds for such a claim. For this reason, Plaintiff may not allege a violation of § 1981 based on a hostile work environment claim. *See Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (stating that complaint must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests").

## III.

Plaintiffs have made Title VII and § 1981 claims of discriminatory hiring and termination in their EEOC Charges of Discrimination and in their Amended Complaint. However, Plaintiffs have not met their burden under the three-part burden shifting scheme of *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[3] Therefore, summary judgment will be granted on Plaintiffs' Title VII and § 1981 claims.

## A.

■ In order to establish a prima facie case of discriminatory hiring or failure to promote, a plaintiff must show that: "(1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir.1998). If Dallas and Jones establish a prima facie case, the burden shifts to Giant to advance a legitimate, nondiscriminatory reason for the adverse employment action. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If Giant successfully proffers such an explanation, the burden returns to the plaintiffs to show that the proffered reason is a pretext for impermissible discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Giant contends that Dallas and Jones are unable to establish the third and fourth elements of their prima facie case. Viewing the evidence in the light most favorable to the Plaintiffs, they are able to establish a prima facie case of discrimination.

Regarding the third element of the prima facie case, Giant does not argue that Dallas and Jones were not qualified because they were incapable of performing the permanent job that they were denied. Instead, they argue that Dallas and Jones were not qualified because it was Giant's policy to hire only the "best of the best" vacation relief workers for permanent positions. Giant management believed that Dallas and Jones were not the best of the best. *See* Def.'s Br. at 24. Giant's argument may be a legitimate reason for not hiring Dallas and Jones, but it does not address whether they were qualified for the position they desired. Dallas and Jones both received regular reviews as vacation relief workers that confirmed that they met job standards, were consistently dependable and sometimes exceeded standards. *See* Dallas Distribution Probationary Review Forms, Def.'s Ex. 4; Jones Distribution Probationary Review Forms, Def.'s Ex. 5. This confirms that they were qualified for a permanent position performing the same duties that they performed as vacation relief workers.

■ Giant acknowledges that the fourth element of a prima facie case is usually satisfied by showing that the position a plaintiff sought was filled by a white applicant. *See* Def.'s Br. at 24 (*citing Carter v. Ball*, 33 F.3d 450, 458 (4th Cir.1994)). It also does not contest the fact that Arnold and Gray, the two applicants who received the jobs that Dallas and Jones sought, are white. Instead, Giant claims that the usual inference is inappropriate where, as here, the same person that hired the employee initially is also responsible for making further employment decisions regarding the employee. *See id.* (*citing Taylor,*

---

**3.** The analysis and result are identical under Title VII and Section 1981. *See Gairola v. Va. Dep't of Gen. Servs.*, 753 F.2d 1281, 1285 (4th Cir.1985) ("Under Title VII and ... § 1981, the elements of the required prima facie case are the same.").

193 F.3d at 231). They argue that it is illogical for the same person that initially decided to hire an employee to then act in a discriminatory manner toward that employee in future employment actions. While such an inference may be illogical, and therefore inappropriate, in a situation where an employee is hired and fired from a single position by the same person, that is not the case here. In this case, the same person, Ollie Johnson, was responsible for hiring for two distinct jobs—vacation relief workers and permanent selectors. It is not illogical for a supervisor that discriminates to hire Dallas and Jones as vacation relief workers, a less desirable and lower paying job, while hiring white co-workers over Dallas and Jones for the more desirable permanent positions. Thus, showing that whites were given the positions Plaintiffs sought is sufficient to establish the fourth element of a prima facie case even though the same individual that hired Plaintiffs also made the hiring decisions regarding permanent positions.

■ Giant has offered a legitimate, non-discriminatory reason for not hiring Dallas and Jones. Giant claims that, at the time, it hired permanent employees from the "best of the best" vacation relief workers. In determining the "best of the best," Giant considered work quality and quantity, attendance, willingness to work overtime and length of employment. Haywood Decl. ¶ 11. Giant considered Arnold and Gray to be the "best of the best" vacation relief workers and hired them for the two permanent positions that were available. *See* Johnson Decl. ¶¶ 9–11. Giant has satisfied its burden of coming forward with a legitimate non-discriminatory justification for its action. *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 959 (4th Cir.1996) ("Job performance and relative employee qualifications are widely recog-

nized as valid, non-discriminatory bases for any adverse employment decision.").

Dallas and Jones have not shown that Giant's reason for hiring Arnold and Gray was merely a pretext for discrimination against them. First, Plaintiffs' evidence does not support their claim that Giant's practice was always to hire vacation relief workers for permanent positions based on seniority. Plaintiffs' own deposition statements contradict such a proposition. *See* Dallas Dep. at 19 ("[The orientation leader] stated how to go about getting a job, permanent job at Giant Food. He said your attendance would be a factor, your production, and the, you know, like overtime."); Jones Dep. at 29–31 (stating that he was told at orientation that performance, attendance and any disciplinary record would be considered when hiring permanent employees).

Second, Dallas and Jones have not shown that they were better qualified for the positions given to Arnold and Gray. *See Young v. Lehman,* 748 F.2d 194, 198 (4th Cir.1984) ("The rule in this circuit is that where relative qualifications are advanced as the nondiscriminatory reason for an employment decision, the plaintiff has the burden of establishing that [he] was better qualified than the successful applicant."). Plaintiffs offer no evidence regarding Gray's qualifications and Jones acknowledged that under his alphabetical seniority hiring theory, Gray would have received the position rather than he because they were hired on the same day and Gray comes before Jones alphabetically. *See* Jones Dep. at 57. Regarding Arnold, they argue that he was less qualified than they were because he was hired after them and had poor attendance. *See* Dallas Dep. at 58; Jones Dep. at 39–43. However, Arnold's employment records indicate that he missed only one day while working as a vacation relief worker and

that he received high marks for attendance and punctuality. *See* Haywood Decl., Ex. A. Furthermore, Giant claims that it based its hiring decisions on a variety of factors, not just on attendance and seniority. Therefore, even if Arnold's attendance record was not completely accurate and Arnold's attendance was actually worse than that of Dallas and Jones, that does not prove that Dallas and Jones were better qualified for the permanent position. Plaintiffs' have failed to show that Giant's reason for hiring Gray and Arnold was merely pretext for discrimination. Therefore, their claim of discriminatory hiring must fail. *See Settle v. Balt. County,* 34 F.Supp.2d 969, 991 (D.Md.1999) (explaining that the plaintiff bears "the ultimate burden of projecting evidence sufficient to prove that [he has] been the victim[ ] of discriminatory treatment"); *Evans,* 80 F.3d at 959 (citations omitted). ("[T]he defendant-employer has an opportunity to present a legitimate, non-discriminatory reason for its employment action. If the employer does so, the presumption of unlawful discrimination created by the prima facie case "drops out of the picture" and the burden shifts back to the employee to show that the given reason was just a pretext for discrimination.").

### B.

 Dallas and Jones base their claim of discriminatory termination on their termination from the position of vacation relief worker on June 21, 1996. In order to establish a prima facie case of discriminatory termination, a plaintiff must show that "(1) [he] is a member of a protected class; (2)[he] was qualified for [his] job and [his] job performance was satisfactory; (3)[he] was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances." *Porter v. National Con–Serv, Inc.,* 51 F.Supp.2d 656, 659 (D.Md.1998) (*citing Hughes v. Bedsole,* 48 F.3d 1376, 1383 (4th Cir.1995)); *see also Karpel v. Inova Health System Serv.,* 134 F.3d 1222, 1228 (4th Cir.1998).

Plaintiffs are unable to establish the second and fourth prong of the prima facie case. The union contract allows Giant to employ a vacation relief worker for up to one year. Plaintiffs had completed one year of employment as a vacation relief worker at Giant at the time of their termination. Therefore, they were no longer qualified to be vacation relief workers. In addition, Dallas and Jones have not offered evidence of any white vacation relief worker that was retained by Giant for more than one year.

Plaintiffs have failed to meet their burden on either a discriminatory hiring or a discriminatory termination claim under Title VII and § 1981. For this reason, summary judgment as to Counts I and IV will be granted.

A separate order is attached.

### ORDER

For the reasons stated in the accompanying Opinion and in the related Opinion in the case of *Carson v. Giant Food, Inc.,* 187 F.Supp.2d 462 (D.Md.2002), it is, this 20th day of February 2002

ORDERED

1. Defendants' motions for summary judgment against Plaintiffs on all causes of action in Plaintiffs' complaint are Granted; and

2. Judgment is hereby entered in favor of the Defendants.